IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND CRAIG,

       Plaintiff,                         No. CIV S-08-2676 WBS KJM

       vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,        <u>ORDER AND</u>

       Defendant.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] For the reasons discussed below, the court recommends defendant's motion to dismiss be granted.

/////

/////

---

[1] In the alternative, defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Because the court concludes subject matter jurisdiction is lacking, defendant's alternative ground is moot.

1

I. Factual and Procedural Background

In a decision dated April 11, 2008, the Administrative Law Judge (ALJ) issued an order dismissing plaintiff's request for hearing on the basis of res judicata. Gould Decl., Ex. 6.[2] The ALJ found that plaintiff's insured status expired on June 30, 1978; plaintiff had previously applied for a period of disability alleging disability beginning February 1, 1973; the prior application was denied in a decision dated January 14, 1993; there was no basis for reopening the prior determination; and the prior decision was final and binding. Id. The Appeals Council denied plaintiff's request for review on October 16, 2008. Id., Ex. 8. Defendant moves to dismiss, contending this court lacks subject matter jurisdiction over the decision not to reopen the prior decision. Plaintiff contends he lacked the mental capacity to understand the appeal procedures and was not given adequate notice of those procedures sufficient to comport with due process.

II. Standard of Review

The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. Assoc. of Medical Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). A Rule 12(b)(1) motion to dismiss for lack of jurisdiction may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  When the motion constitutes a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir.1979).  Where the jurisdictional issue is separable from the merits of the case, the district court may hear evidence

---

[2] Because defendant has brought a "speaking" motion attacking the factual basis for subject matter jurisdiction, the court has considered the extrinsic evidence submitted by defendant. See Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

regarding jurisdiction and rule on that issue prior to trial, resolving factual disputes where necessary. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

III. Analysis

    A. Mental Impairment

Plaintiff contends he lacked the mental capacity to understand the procedures for appealing the prior decision of nondisability and is therefore entitled to reopen that claim under Social Security Ruling ("SSR") 91-5p.[3] The court ordinarily does not have jurisdiction to review a decision of the Commissioner declining to reopen a prior final benefits decision because a decision not to reopen a prior benefits decision is discretionary and therefore not a final decision. "[A]n exception exists 'where the . . . denial of a petition to reopen is challenged on constitutional grounds.'" Udd v. Massanari, 245 F.3d 1096, 1098-99 (9th Cir. 2001) (quoting Califano v. Sanders, 430 U.S. 99, 107-09, (1977)). "Thus, under certain circumstances, courts may waive a litigant's failure to challenge a 'final decision' with regard to a constitutional claim." Rivera v. Railroad Retirement Bd., 262 F.3d 1005, 1014 (9th Cir. 2001). Nevertheless, conclusory allegations are not sufficient and do not rise to the level of a "colorable constitutional claim" supporting federal subject matter jurisdiction to review the Commissioner's refusal to reopen. Udd v. Massanari, 245 F.3d at 1098. A mental impairment justifies failure to request review "when the evidence establishes that [plaintiff] lacked the mental capacity to understand the procedures for requesting review." SSR 91-5p; see Klemm v. Astrue, 543 F.3d 1139, 1145 (9th Cir. 2008) (allegations of mental impairment under SSR 91-5p may raise colorable due process claim).

/////

---

[3] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); cf. Silveira v. Apfel, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings ... unless they are plainly erroneous or inconsistent with the Act or regulations").

3

1       At issue here is whether plaintiff lacked the mental capacity to understand the
procedures for requesting review of the 1993 decision, which was given res judicata effect by the
ALJ.[4]  Plaintiff notes he was not represented by counsel in 1993, and has submitted extrinsic
evidence in support of his claim that he suffered a mental impairment at the time of the 1993
decision.  See Opp'n at 8-9; Ragnes Decl., Exs. AG-AR.  Defendant moves to strike plaintiff's
evidence.  Because defendant attacks the factual basis for subject matter jurisdiction, the court
has considered plaintiff's evidence in reaching its recommendation on the motion to dismiss and
will deny the motion to strike.

    SSR 91-5p notes four limitations that may establish good cause for failing to
timely request review, i.e., whether plaintiff had any physical, mental, educational, or linguistic
limitations at the time the request needed to be made.  Plaintiff advances no physical,
educational, or linguistic limitations but contends his mental condition justifies good cause for
failing to appeal the prior determination of nondisability.  Plaintiff's additional evidence,
however, fails to establish plaintiff lacked the mental capacity to understand the appeal
procedures in 1993.  Moreover, the ALJ considered findings from a 1982 psychiatric evaluation,
which found plaintiff's mental status to be within normal limits, and an assessment in 2005 when
plaintiff was assessed with having only mild symptoms of depression.  Gould Decl., Ex. 6
(Order) at 2.  The ALJ also considered plaintiff's activities directing an organization that
counseled individuals with mental impairments as inconsistent with plaintiff's claimed
incapacity.  Id.  Plaintiff's evidence is consistent with the ALJ's findings.  Plaintiff has failed to
raise a colorable due process claim based on mental impairment.

/////

/////

---

[4] In the opposition, plaintiff argues he is entitled to reopen applications made in 1973 and 1985.  Those applications are not properly before this court in that the decision of the ALJ at issue in this matter addressed only the 1993 determination of nondisability.  See Gould Decl., Ex. 6 (Order) at 1-2.

4

B. <u>Notice of Appeal Procedures</u>

Plaintiff further asserts he is entitled to reopen the prior decision under Acquiescence Ruling ("AR") 92-7(9) because the notice explaining plaintiff's rights was constitutionally deficient.  See <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1203 (9th Cir. 1990).  Plaintiff concedes in the opposition that the notice given with the 1993 decision passes constitutional muster but contends the notice from an earlier 1973 determination violated his due process rights.  As noted above, the ALJ did not make a determination regarding reopening of a 1973 decision and that issue is not properly before the court.  Under these circumstances, plaintiff's claim of a violation of procedural due process cannot be sustained.

This court does not have federal subject matter jurisdiction to review the Commissioner's discretionary denial of plaintiff's request to reopen his prior claim.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to strike (docket no. 27) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction (docket no. 22) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties

/////

/////

/////

1 are advised that failure to file objections within the specified time may waive the right to appeal
2 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: March 28, 2010.

_____
U.S. MAGISTRATE JUDGE